UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRANCO MANGIAFICO,

v.                                        Case No. 8:10-cv-2157-T-17TGW
                                                   8:93-cr-123-T-17TGW

UNITED STATES OF AMERICA.

_____

O R D E R

This cause is before the Court on Defendant Mangiafico's successive 28 U.S.C.

§2255 motion to vacate, set aside, or correct sentence. (Doc. cv-1). Mangiafico alleges that

his criminal history was over represented by four points leading to a sentence of 264

months.  He states that he has served seventeen-and-one-half years (210 months) and

seeks to have this Court sentence him to time-served based on the "United States

Sentencing Commission August 2010 session titled 'Computation of "Recency" Criminal

History Points Under USSG 4A1:1(e).' "

Discussion

On May 1,2010, the United States Sentencing Commission (Commission) submitted

to Congress an amendment that would eliminate the consideration of "recency" points provided in subsection (e) of USSG §4A1.1 (Criminal History Category). The amendment will become effective November 1, 2010, absent congressional action to the contrary. This document provides certain background information considered by the Commission, including a review of the Commission's original justification for including specific elements within the criminal history score (USSG §§4AI.I(a-f)), a short summary of the recidivism research that supported the use of the elements within the criminal history score, the results of a review of state sentencing guidelines systems regarding their use of a recency component, a summary of public comment and testimony received by the Commission, an examination of Commission data from fiscal year 2009, and reanalyses of Commission recidivism data.

Because the amendment on which Mangiafico relies has not become effective as of the date of this order, and because this Court does not know what action Congress will take as to this amendment, the Court has no jurisdiction to consider Mangiafico's motion to vacate.  Furthermore, the Court does not know whether the "recency" amendment will be retroactive.

Finally, this is a successive motion to vacate. Pursuant to 28 U.S.C. §§ 2255 and 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, federal prisoners who want to file a second or successive motion to vacate, set aside, or correct a sentence must move the court of appeals for an order authorizing the district court to consider the second or successive motion. See 28 U.S.C. § 2244(b)(3)(A).  A three-judge panel of the court of appeals, § 2244(b)(3)(B), may authorize the filing of a second or successive motion only if it determines that the motion contains claims which rely on

either: (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255.  *See In re Blackshire*, 98 F.3d 1293 (11th Cir. 1996).

Defendant Mangiafico has not fulfilled the requirements of the statutes as set out above.  Accordingly, Mangiafico's successive 28 U.S.C. § 2255 motion to vacate (Doc. cv-1) is denied.  The Clerk is directed to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that the issues presented were 'adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on September 30, 2010.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Franco Mangiafico